55 CCPA

**Application of Rolf G. GIDLOW.**
**Patent Appeal No. 7950.**

United States Court of Customs and Patent Appeals.
May 9, 1968.

C. Willard Hayes, Washington, D. C. (Ronald E. Lund, Minneapolis, Minn., of counsel), for appellant.

Joseph Schimmel, Washington, D. C. (Joseph Nakamura, Washington, D. C., of counsel), for the Commissioner of Patents.

Before RICH, Acting Chief Judge, and SMITH, ALMOND and KIRKPAT-RICK,[*] Judges.

ALMOND, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals af-peals affirming the final rejection of claims 39 and 40 in appellant's application[1] entitled "Method and Apparatus for Agglomerating Sugars." The rejection was predicated on anticipation by the prior art (35 U.S.C. § 102) or obviousness in view of the prior art (35 U.S.C. § 103). No claims were allowed.

The application discloses an agglomerated sugar product and a method and apparatus for making such a product by controlled moistening and agitation of powdered sugar particles.

The agglomerates resulting from appellant's method are described in the application as:

\* \* \* porous and consist of randomly clustered sugar particles loosely held together at their interfaces by the syrup formed on the surfaces thereof and have a bulk density lower than the starting material, with the bulk density capable of being controlled over a relatively wide range down to as low as one third that of granular sugar. The agglomerates are \* \* \* characterized by the large number and small size of the voids or air spaces in the agglomerates with the number of voids being proportional to the number of individual particles comprising the agglomerate and provide the porous

structure desired. The network of voids \* \* \* provides passageways leading into and through the agglomerates to enable a liquid to readily penetrate substantially all parts of the agglomerate to quickly wet all of the particles and disperse and dissolve the same in a liquid \* \* \* at a much faster rate than conventional refined sugars, and without lumping or massing of the sugar in the liquid.

Independent claim 39 reads as follows:

39. A free flowing sugar product comprising porous agglomerates, said agglomerates consisting substantially entirely of a multiplicity of powdered sugar particles clustered together and bonded to each other at their interfaces by an adhesive formed from said sugar particles by the dissolution of a portion of said particles in moisture deposited on said particles, said particles defining a multiplicity of voids therebetween providing a liquid ready access thereto, the number of voids being proportional to the number of particles comprising said agglomerates, said agglomerates being further characterized by their ability to quickly disperse in a liquid.

Dependent claim 40 recites that the sugar particles include sucrose.

The references relied on below are:

Griffin 2,893,871 July 7, 1959
French
Patent 1,136,468 December 29, 1956[2]

Griffin relates to "a process and apparatus for converting certain powdered materials into agglomerated products \* \* \* of lower bulk density \* \* \* capable of more rapid solution or dispersion than in the powered form." The powdered materials are generally described as "those which become self-adherent at their surfaces when the sur-

---

[*] Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

1. Serial No. 43,914 filed July 19, 1960.

2. The examiner stated that this patent has the same disclosure as Griffin and

that no description is necessary. The board stated that Griffin was cited "\* \* \* as an English translation corresponding to the French patent." Appellant agrees, stating "there is only one reference" here involved.

faces are moistened." As examples of the materials, the patent recites that they:

* * * are found chiefly in the field of organic materials including food products, such as milk powders produced by drying skim milk, whole milk or malted milk, powdered cocoa, powdered food mixes such as for cakes and pancakes, and various other foods in powder form, such as baby foods, having a content of milk, sugar or other agglutinant making them susceptible to the new treatment.

The agglomerated products are "free-flowing and free of fines for purposes of handling and packaging." The structure of the product is described as of "irregular size and shape" resembling "irregular clusters of grapes." The "particles are not compacted into a solid pellet but are in surface contact, with large inter-spaces." It is noted that claim 4 of the patent points out that the powdered material to be agglomerated "is a food product containing milk or sugar."

The examiner rejected claims 39 and 40 as being unpatentable over either Griffin or the French patent on the ground of anticipation under 35 U.S.C. § 102 or obviousness under 35 U.S.C. § 103. The examiner noted that appellant's arguments were based largely on the contention that Griffin does not disclose "a product consisting essentially or solely of sugar," stating that:

This is not agreed with since the most obvious "food product containing * * sugar" (patent claim 4) is sugar itself. No invention would exist in discovering that sugar agglomerates produced as taught by Griffin have the beneficial and desirable features referred to in applicant's brief.

However, even if it is considered that a product containing solely sugar is not taught by Griffin it would be obvious under 35 U.S.C. § 103 in view of the teachings of Griffin to produce such a product.

In affirming the examiner's rejection of the claims, the board made no finding with respect to the rejection predicated on 35 U.S.C. § 102, holding only that the claims "are not patentable over Griffin, under 35 U.S.C. 103," reasoning that:

The only real distinction between the claims and the reference is that the claims recite a free flowing sugar product comprising powdered sugar particles whereas the reference mentions a wide variety of powdered products which have a content of sugar or other agglutinant. We note that the claims as drawn do not exclude the use of other materials than sugar being present. The products encompassed by Griffin may contain a considerable amount of sugar. To make the principal ingredient to be powdered sugar using the process of Griffin to yield a powdered sugar product as claimed is believed to be obvious in view of the clearly wide applicability of the Griffin process. * * *

We deem it sufficient for the purposes of this appeal to address our attention to the rejection based on obviousness under 35 U.S.C. § 103. We affirm that rejection because we find nothing in the claims before us which does not appear to be obvious from the Griffin disclosure.

The claims under consideration call for a free-flowing sugar product comprising porous agglomerates characterized by their ability to disperse quickly in a liquid, the agglomerates consisting "substantially entirely" of powered sugar particles. The claims therefore relate to a powdered food product. Griffin teaches that a free-flowing, porous agglomerated food product is not a new form of food product and that it is not novel to convert such products into agglomerates for the purpose of making the powdered products more readily soluble or dispersible in liquids.

With reference to the limitation "substantially entirely * * * powdered sugar particles," we note that the specification as well as claim 4 discloses the production of an agglomerated food prod-

uct containing sugar as the agglutinate. It would seem reasonable to conclude, as did the examiner and the board, that it would be obvious under 35 U.S.C. § 103 to produce a product containing solely sugar or at least, in the language of the appealed claim, "substantially entirely of powdered sugar particles."

The claims also recite the presence of a multiplicity of voids in the sugar agglomerates and the ability of the agglomerates to disperse quickly in a liquid. Griffin teaches that his agglomerates have "large interspaces" and go "into solution more rapidly than the comparison products, and so rapidly as to qualify as an 'instant' product * * *."

The claims recite the agglomerated sugar product of this invention to be "free-flowing." We note, however, that Griffin describes his sugar-containing agglomerates to be "sufficiently free-flowing * * * for the purposes of handling and packaging."

The claims call for powdered sugar particles "bonded at their interfaces by an adhesive formed" by dissolving a portion of the particles in moisture deposited thereon. Griffin characterizes sugar as an agglutinant in powdered foods "which become self-adherent at their surfaces when the surfaces are moistened."

In the light of the teachings of Griffin, herein noted, we perceive no reversible error in the conclusion of the board that there is "nothing unobvious in using Griffin's method to make a product consisting substantially entirely of sugar." As pointed out by the solicitor, appellant gives some indication of agreement, where in his brief it is stated:

> It is, perhaps, not surprising to find that by means of such a process agglomerates can be formed from sugar particles. * * *

The thrust of appellant's argument, relative to the rejection under 35 U.S.C. § 103, is that the board erroneously failed to observe the distinction between product and process claims. Appellant asserts that the claims relate to a product and not to a process as treated by the board. This contention is not, in our view, supported by the record. The conclusion reached by the examiner, affirmed by the board, was that it would be obvious to produce an agglomerated *product* containing solely sugar. The board in its decision expressly recognized that "the claims recite a free flowing sugar product" and clearly applied the reference on a product basis. The situation here is entirely different from that in In re Chapman, 357 F.2d 418, 53 CCPA 978, cited and relied on by appellant, where the holding of the board implied that products of an obvious process were unpatentable merely because they were the inherent result of the process.

Appellant contends that inasmuch as Griffin is concerned solely with improving solubility and dispersibility of food products, particularly milk, there is no teaching or suggestion that caking problems that are encountered with powdered sugar can be eliminated by agglomeration. In this connection Griffin teaches that sugar and milk are equivalent in the formation of agglomerated food products. The same characteristics of behavior are to be reasonably inferred. It is stated that the Griffin powdered materials, which include sugar, become "self-adherent at their surfaces when the surfaces are moistened." It is manifest that agglomeration would reduce the number of self-adherent particle surfaces which are exposed and therefore subject to caking. It would seem therefore to follow, as pointed out by the solicitor, that the reference "would seem indeed to suggest that agglomeration would reduce the caking tendency of powdered sugar and eliminate the need for using starch to prevent caking."

Our consideration of the arguments advanced and the cases cited does not persuade us of error in the decision of the board holding that the appealed claims are not patentable over Griffin, under 35 U.S.C. § 103. We do not, therefore, reach the issue raised under 35 U.S.C. § 102. The decision of the board is, accordingly, affirmed.

Affirmed.